**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CODY J. CHISM                                                                                    PLAINTIFF
ADC #138088

V.                                          5:14CV00383 JLH/HDY

VEODIS D. KNIGHT *et al.*                                                              DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.        Why the record made before the Magistrate Judge is inadequate.

    2.        Why the evidence proffered at the hearing before the District
              Judge  (if such a  hearing is granted)  was not  offered at  the
              hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Cody J. Chism, an Arkansas Department of Correction inmate, filed a *pro se* complaint on October 21, 2014, alleging that he was wrongly disciplined.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, on May 13, 2014, he was written a disciplinary charge for tattooing and for failure to obey orders of staff.  At a hearing, Plaintiff was found not guilty of tattooing, but guilty of failing to obey orders.  Plaintiff asserts that the failure to obey orders charge was based on contraband associated with the tattooing charge, and the dismissal of the tattooing charge, and the fact that he was not found with any type of contraband, rendered the failure to obey charge invalid.  Plaintiff's appeals of his failure to obey conviction were fruitless.  As a result of his conviction, Plaintiff spent 30 days in punitive isolation, lost all privileges, and was moved to administrative segregation.  Because Plaintiff has not articulated facts which state a claim for a constitutional violation, his complaint should be dismissed.

It appears that Plaintiff is advancing a due process claim regarding the allegedly improper disciplinary charge.  However, 30 days in punitive isolation with suspension of privileges does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995).  The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94

F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Richardson v. Pevey et al.*, Case No. 5:12CV00096, 2012WL 1167086 (E.D. Ark. March 15, 2012) (unpublished opinion) (no protected liberty interest when inmate served 30 days in punitive isolation and commissary, telephone, and visitation privileges, were suspended for 60 days).

In the absence of a protected property or liberty interest, Plaintiff is left with at most a false disciplinary charge or policy violation. However, neither a false disciplinary charge nor the failure to follow prison policy is a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation); *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).[1]  Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

[1]To the extent that Plaintiff may be raising a claim regarding the conditions of his confinement in isolation or segregation, the Court notes that he described no conditions which deprive him of the minimal civilized measure of life's necessities, or expose him to a risk of harm. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim).

dismissing this action is considered frivolous and not in good faith.

    4.       All pending motions be DENIED AS MOOT.

    DATED this   22   day of October, 2014.

                                               _____

                                               UNITED STATES MAGISTRATE JUDGE